**Reusswig v. Erie Insurance**

C.P. of Monroe County, no. 1697 Civil 2000.

*Jonathan J. Russell,* for plaintiff.
*Daniel B. Huyett* and *Stacey A. Scrivani,* for defendant.

CHESLOCK, *J.,* September 6, 2000—On October 10, 1994, plaintiff, Michael P. Reusswig, was involved in an automobile accident in which he suffered personal injuries. The plaintiff subsequently brought suit against the driver of the other vehicle involved in the collision.[1] Following a trial, on October 8, 1999, a Monroe County jury awarded $88,840 in damages to the plaintiff. This jury verdict was then amended to add delay damages, bringing the total verdict to $111,330.06.

In response to the jury award, Allstate Insurance Company, the tort-feasor's insurance carrier, tendered

---

1. The suit, in which plaintiff sued the driver of the other vehicle involved in the collision that occurred on October 10, 1994, is docketed at 6372 CV 1996.

$100,000 to the plaintiff as its full policy limit on this matter. The plaintiff then submitted a claim for uninsured/underinsured motorist, UIM, benefits to his own liability insurance carrier, defendant, Erie Insurance Group, for $11,330.06. Defendant, however, denied the claim and refused payment.

Consequently, as required by the contract language of the insurance policy executed by the parties, plaintiff brought a UIM arbitration claim for the $11,330.06 of the jury verdict that was not paid by Allstate.[2] In addition to the UIM arbitration claim filed against the defendant, plaintiff has also brought a bad faith action against the defendant pursuant to 42 Pa.C.S. §8371, which relates to actions involving insurance carriers and policies.

It is this bad faith claim that brings this matter before this court. Pleadings in this matter are closed. Currently, the parties are at the discovery stage but appear to have reached an impasse. The plaintiff has initiated the discovery process by filing 34 interrogatories upon the defendant and is seeking 11 documents. For various reasons, defendant objected to each interrogatory and each document listed in plaintiff's motion to dismiss defendant's objections to plaintiff's interrogatories and request for production of documents. Plaintiff then filed this motion in response to defendant's objections. Both parties filed memorandums of law as to this discovery dispute and this court heard oral arguments regarding this

---

2. The parties have submitted their monetary dispute for uninsured/underinsured motorist benefits to a UIM arbitration panel as required by the language of the insurance contract/policy between the parties. The UIM arbitration is scheduled to take place on September 1, 2000.

issue on August 7, 2000. This court is now ready to rule on plaintiff's motion.

In the instant matter, Erie Insurance, defendant, seeks to prevent this matter from moving toward resolution by objecting to all 34 of plaintiff's interrogatories and the 11 documents listed in plaintiff's motion. As the objecting party, defendant bears the burden of establishing that the information and/or documents sought are non-discoverable and that the objections should be sustained, *Schwab v. Milks,* 8 D.&C.4th 557, 558 (Lackawanna Cty. 1990). For the reasons set forth below, this court finds that the defendant has not proven that the information and/or documents sought by the plaintiff are non-discoverable and therefore, the defendant is required to respond to plaintiff's interrogatories and document requests.

In an effort to be clear and logical, the court shall address each of the defendant's objections in turn. To begin, the court shall first dispose of defendant's objection to all interrogatories and documents listed in plaintiff's request for the production of documents on the grounds that such disclosure would be premature in light of defendant's outstanding petition to stay the proceedings before this court regarding the case at bar. On July 20, 2000, the Honorable Jerome P. Cheslock of this court denied defendant's petition to stay the proceedings in the case at bar while the UIM arbitration was still pending. As defendant's petition to stay the proceedings in the case at bar is no longer outstanding, this objection to the requested information sought by plaintiff's discovery motion is without merit. Accordingly, this objection is dismissed and as such, where the defendant failed to

respond to the interrogatories or provide the requested documents based solely on the outstanding petition to stay these proceedings, defendant must now answer those interrogatories and provide the relevant documents.[3]

The court now turns to interrogatories 12, 13, 19 and 20 and no. 8 of plaintiff's motion, which defendant has objected to on the grounds that the information sought and the documents requested exceed the scope of discovery permitted by the rules. In particular, the defendant contends that these interrogatories propounded by the plaintiff exceed the scope of permissible discovery allowed by the rules as well as the document demanded in no. 8 of the plaintiff's request for production of documents.

Typically, the rules permit discovery that is broad and liberal. Consequently, to determine whether interrogatories 12, 13, 19 and 20 and document request 8 exceed the scope of discovery permitted by the rules, the court must first examine the applicable language set forth in the rules regulating discovery. Specifically, Rule 4003.1 states, in relevant part:

"[A] party may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to

---

3. Because the court finds that the defendant's objection on the grounds of the outstanding petition to stay these proceedings is without merit, the defendant must specifically answer interrogatories 1-9, 14, 17-18 and 21-34 and provide the documents listed in numbers 2, 6, 9 and 10 of the request for production of documents. The interrogatories and documents not listed above shall be addressed as the court disposes of defendant's remaining objections to plaintiff's interrogatories and document requests.

the claim or defense of any other party . . . ." Pa.R.C.P. 4003.1.

Additionally, Rule 4003.3 provides, in pertinent part:

"[A] party may obtain discovery of any matter discoverable under Rule 4003.1 even though prepared in anticipation of litigation or trial by or for another party or by or for that other party's representative, including by his or her attorney, consultant, surety, indemnitor, insurer or agent." Pa.R.C.P. 4003.3.

Rule 4003.3 further states, by way of a limitation, that:

"The discovery shall not include disclosure of the mental impressions of a party's attorney or his or her conclusions, opinions, memoranda, notes or summaries, legal research or legal theories. With respect to the representative of a party other than the party's attorney, discovery shall not include disclosure of his or her mental impressions, conclusions or opinions respecting the value or merit of a claim or defense or respecting strategy or tactics." Pa.R.C.P. 4003.3.

With respect to witness statements, Rule 4003.4 states, in pertinent part:

"Upon written request, a party is entitled to immediate receipt of a photostatic copy or like reproduction of a statement concerning the action or its subject matter previously made by that party, any other party or a witness." Pa.R.C.P. 4003.4.

Finally, Rule 4003.5(a)(1) states, in relevant part:

"A party may, through interrogatories, require

"(a) any other party to identify each person who the other party expects to call as an expert witness at trial and to state the subject matter on which the expert is expected to testify and

"(b) the other party to have each expert so identified state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion." Pa.R.C.P. 4003.5.

Thus, as the above language indicates, discovery under these rules is generously allowed and generally, limitations and restrictions upon discovery are narrowly construed. See *e.g., Schwab,* 8 D.&C.4th at 558.

In further evaluating the scope the permissible discovery, this court notes that the standard for relevant interrogatories is greater than the standard applied at trial to determine the admissibility of evidence. See *e.g., Rosen v. Philadelphia National Bank,* 69 D.&C.2d 238, 239 (Philadelphia Cty. 1975). Additionally, the court finds that the rules allow parties to propound probative questions regarding expert witnesses in order to eliminate unfair surprise at trial. See *e.g., Schwab,* 8 D.&C.4th at 558 (indicating that an interrogatory inquiring as to how many times an expert has represented a defendant is acceptable because such information would disclose a possible bias or partiality on the part of the defendant's experts). Based on the liberal language of the discovery rules and their broad application by other courts, this court finds plaintiff's interrogatories and document requests to be reasonable and within the permissible range of discovery.

In applying the above language of the applicable rules in the instant matter, this court finds that interrogatories 12, 13, 19 and 20 and document request no. 8 are within the scope of permissible discovery. Because plaintiff's interrogatories and document requests clearly ask for

information and materials allowed by the rules of discovery, this court concludes that the defendant is required to provide answers to plaintiff's interrogatories and produce copies sought in plaintiff's document request. Thus, this court dismisses defendant's objection to interrogatories 12, 13, 19 and 20 and document request no. 8.

Defendant objects to interrogatories 19 and 20 and nos. 3, 4, 5 and 7 of plaintiff's request for production of documents. Precisely, defendant alleges that these interrogatories and document requests are overly broad and burdensome and would require the defendant to make an unreasonable investigation into its files.

In determining whether interrogatories 19 and 20 and document requests 3, 4, 5 and 7 require the defendant to make an unreasonable investigation into defendant's files and is thereby overly broad and unduly burdensome, the court turns to the rules for guidance. While Rule 4011(b) states that "[n]o discovery or deposition shall be permitted which would cause unreasonable annoyance, embarrassment, oppression, burden or expense to the deponent or any person or party," this court finds that the interrogatories and document requests at issue here are neither unreasonable nor overly burdensome upon the defendant.

First, the court notes that information pertaining to witness statements[4] and expert witnesses is discoverable pursuant to Rules 4003.4 and 4003.5 respectively. Next, the court notes that plaintiff's interrogatories and docu-

---

4. As stated in the explanatory note of 1978 to Rule 4003.3, "[a] signed statement of a witness is, of course, always discoverable no matter who took it or where it is filed." Pa.R.C.P. 4003.3. (Explanatory note of 1978.)

ment requests are not boilerplate inquiries seeking irrelevant information, but rather, these questions are directly related to plaintiff's 1994 motor vehicle accident and the defendant's motivation for denying plaintiff's uninsured/underinsured motorist benefits. Third, the court finds that these interrogatories and document requests are limited in scope in that plaintiff is not on a fishing expedition but merely inquiring into plaintiff's own insurance policy record and claim file for the accident underlying this current matter. Finally, the court does not find that interrogatories 19 and 20 and document requests 3, 4, 5 and 7 constitute a burden or require defendant to make an unreasonable investigation as to plaintiff's insurance policy and claim file. Thus, this court overrules defendant's objection as to interrogatories 19 and 20 and document requests 3, 4, 5 and 7 and hold that defendant is obligated to answer or produce the information and/or documents that are the subject of these interrogatories and document requests.

Next, defendant objects to interrogatories 12, 13 and 16 on the grounds that the plaintiff has failed to identify what is meant by various terms included in the interrogatory. In essence, the defendant is inquiring as to what is meant by plaintiff's request for "notes," "memorandums," and "reports."

In analyzing this objection concerning the definition of various terms used throughout plaintiff's motion, this court looks to Black's Law Dictionary for guidance. Black's Law defines "reports" as "[a]n official or formal statement of facts or proceedings." "Reports" is also defined as "embod[ying the] result of [an] officer's [or other individual's] investigation not originally occurring

within his personal knowledge." Black's Law Dictionary 1300 (6th Ed. 1990). Additionally, Black's Law defines a "memorandum" as:

"An informal record, note or instrument embodying something that the parties desire to fix in memory by the aid of written evidence or that is to serve as the basis of a future formal contract or deed. A brief written statement outlining the terms of an agreement or transaction. [An] informal interoffice communication." Black's Law Dictionary 984 (6th Ed. 1990).

Black's Law also defines the term "notes." According to Black's Law, the general definition of a "note" is that of a "brief written statement" or "an abstract; a memorandum; or an informal statement in writing." Black's Law Dictionary 1060 (6th Ed. 1990).

Relying on the above definitions provided by Black's Law, this court concludes that plaintiff's use of the terms "reports," "memorandums" and "notes" was intended as a logical reference to those writings, both formal and informal, that were created for or included in defendant's file regarding plaintiff's 1994 motor vehicle accident. In these interrogatories, this court does not find that plaintiff's usage of these terms to be so vague as to be overly broad or unduly burdensome.

Before each interrogatory inquiring as to reports, memorandums and notes, the preceding interrogatories concern defendant's investigation into plaintiff's 1994 accident and the subsequent claim for uninsured/underinsured motorist benefits. Moreover, such information would be discoverable under the rules so long as the mental impressions, trial tactics, conclusions and opinions were omitted from these reports even if the in-

formation would not be admissible at trial. See *e.g., Rosen v. Philadelphia National Bank,* 69 D.&C.2d 238, 239 (Philadelphia Cty. 1975) (stating that when the information requested reasonably leads to the discovery of admissible evidence, the interrogatory generally will be permissible). Therefore, this court concludes plaintiff's inquiry as to reports, memorandums and notes are additional questions about defendant's investigation of plaintiff's 1994 automobile accident. Thus, this court finds that defendant's objection to interrogatories 12, 13 and 16 is without merit and that defendant is required to provide suitable answers.

The court turns to defendant's final contention that defendant need not respond to interrogatories 10, 11, 12 and 13 or produce the documents listed in nos. 1, 8 and 11 in plaintiff's motion because the information and/or the documents demanded are protected by the attorney-client privilege and/or the attorney work-product doctrine. Specifically, the defendant asserts that the following interrogatories and documents sought by plaintiff's request for production of documents calls for information in violation of the attorney-client privilege and the attorney work-product doctrine.

In ascertaining whether these interrogatories and document requests violate the attorney-client privilege and the attorney work-product doctrine, this court notes that the rules preclude discovery of the mental impressions, conclusions, opinions, summaries and notes of an attorney or representative of an adverse party. See Pa.R.C.P. 4003.3. Despite this limitation, this court holds that interrogatories 10, 11, 12 and 13 and document requests 1, 8 and 11 do not violate either the attorney-client privi-

lege or the attorney work-product doctrine. In reaching this conclusion, this court finds that the protection found in Rule 4003.3 is applicable only to the litigation of the claim for which the impressions, conclusions and opinions were made. See *Yohe v. Mutual Life Insurance Co.,* 7 D.&C.4th 300, 303-304 (York Cty. 1990). See also, *Little v. Allstate Insurance Co.,* 16 D.& C.3d 110, 112 (Allegheny Cty. 1980). In other words, such protection does not extend to subsequent litigation that follows upon the resolution of a prior claim. See *id.*

In both the *Yohe* and *Little* cases, the plaintiffs filed a bad faith insurance claim[5] against their respective insurance carriers when the defendant insurance carriers had refused to pay benefits under the plaintiffs' insurance policies. See *Yohe,* 7 D.&C.4th at 300-301; *Little,* 16 D.&C.3d at 110-11. Also, in both cases, the plaintiffs sought information and documents relating to notes and materials prepared by the claims adjustor or investigator of the defendant insurance carriers. See *Yohe,* 7 D.&C.4th at 301; *Little,* 16 D.&C.3d at 111. Relying on the language of Rule 4003.3, the *Little* court held that the protection afforded by Rule 4003.3 applied only to the litigation or matter for which the materials, impressions, conclusions and opinions were prepared.[6] See *Little,* 16

---

5. See 42 Pa.C.S. §8371 (relating to actions on insurance policies).

6. In reaching the conclusion that Rule 4003.3's protection extended only to the litigation or matter for which the materials at issue had been prepared, the *Little* court set forth three reasons to support its rationale. First, the *Little* court stated that its conclusion "[was] consistent with the manner in which Rule 4003.3 [] balanced the interests of protecting a party's work product against the interests of a party's discovering relevant evidence." See *Little,* 16 D.&C.3d at 112. Second, the court in *Little* found that the case law interpreting former

D.&C.3d at 112. Following the *Little* court's example, the court in *Yohe* reached an identical result as to whether such materials deserved protection in subsequent litigation. See *Yohe,* 7 D.&C.4th at 304-305. Further, both courts found such information and materials to be relevant in that such knowledge could shed light on whether plaintiff's claim was denied without a reasonable foundation. See *Yohe,* 7 D.&C.4th at 304-305; *Little,* 16 D.&C.3d at 111. Moreover, the inference to be taken from both the *Yohe* and *Little* decisions is that the materials sought could not have been prepared in anticipation of the subsequent action because at the time the information and/or documents were prepared for the original litigation, the defendant insurance carriers could not have foreseen the subsequent bad faith action.

With respect to the assertion that the attorney-client privilege precludes defendant's response to interrogatories 10, 11, 12 and 13 and document requests 1, 8 and 11, the court finds that this objection is without merit. The attorney-client privilege protects only confidential information furnished by a client to his or her counsel in contemplation of representation. See *MacQuown v. Dean Witter Reynolds Inc.,* 47 D.&C.3d 21, 24-25 (Allegheny Cty. 1987). This privilege also protects statements or writings from counsel to his or her client if the contents

---

Rule 4011(d), which had previously codified the work-product exception, "limited the 'anticipation of litigation' protection to the litigation for which the matters were prepared or secured [and that] if matters were prepared or secured in anticipation of litigation of a prior claim, these matters, if relevant to a subsequent action, were subject to discovery." See *id.* at 113. Third, the *Little* court noted that the explanatory note accompanying Rule 4003.3 supported the conclusion that the work-product protection from discovery only applied to action for which it had been prepared. See *id.* at 114.

of those statements or writings would reveal a confidential communication by the client. See *id.* at 24. The privilege, however, "does not protect any information which counsel obtained from third parties in the course of the representation." See *id* at 25. Consequently, this court fails to see how interrogatories 10, 11, 12 and 13 and document requests 1, 8 and 11 would violate the defendant's attorney-client privilege in that the information and/or documents sought are otherwise discoverable. Thus, the court finds that the defendant's assertion of the attorney-client privilege is improper.

In accordance with the *Yohe, Little* and *MacQuown* decisions, this court relies on the rationale and conclusion reached in both the *Yohe* and *Little* cases and find that the plaintiff is not seeking information privileged by the attorney-client or work-product privileges. Thus, this court dismisses defendant's objection and concludes that the defendant is required to respond to interrogatories 10, 11, 12 and 13 and document requests 1, 8 and 11.

In conclusion, it has always been the policy of this court to liberally allow the free exchange of discoverable materials in an effort to expedite litigation and to adhere to the spirit of the discovery rules. Just as the plaintiff may not use discovery as a fishing expedition, the defendant may not assert boilerplate objections to valid interrogatories and document requests seeking information relevant to the underlying action. In the instant case, plaintiff's request is reasonable and certainly relevant to the pending litigation and as such, this court grants plaintiff's motion to dismiss defendant's objections to plaintiff's interrogatories and request for production of documents.

Accordingly, the court enters the following order:

## ORDER

And now, September 6, 2000, plaintiff's motion to dismiss defendant's objections to plaintiff's interrogatories and request for production of documents is hereby granted with the following conditions:

(1) In accordance with Rule 4006(a)(2),[1] defendant has 30 days from the date of this order to answer plaintiff's interrogatories;

(2) In accordance with Rule 4006(a)(2)[2] and the discussion set forth above, defendant must provide full and complete responses to the plaintiff's interrogatories;

(3) In accordance with Rule 4009.12(a)(2),[3] defendant has 30 days from the date of this order to produce or make available those documents and/or things requested by the plaintiff; and

(4) The information disclosed and/or produced during such discovery is not to be disseminated to individuals or entities not directly involved with proceedings before this court.

---

1. Pa.R.C.P. 4006(a)(2) provides that "[t]he answering party shall serve a copy of the answers, and objections if any, within 30 days after the service of the interrogatories." Pa.R.C.P. 4006(a)(2).

2. Pa.R.C.P. 4006(a)(2) requires that "[e]ach interrogatory shall be answered fully and completely unless objected to, in which event the reasons for the objections shall be stated in lieu of an answer." Pa.R.C.P. 4006(a)(2).

3. Pa.R.C.P. 4009.12 states that "[t]he party upon whom the request is served shall within 30 days after the service of the request produce or make available to the party submitting the request those documents and things described in the request to which there is no objection." Pa.R.C.P. 4009.12(a)(2).